Ross Reed *v.* The State.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

C. P. Moss, for plaintiff in error.

.J. W. Cooper, Assistant Attorney-General, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Appeal from conviction for receiving, transporting, and possessing whisky. Punishment: Fine of $200, and confinement for sixty days.

Reversal is sought solely upon the ground that a search warrant, by which the convicting evidence was discovered, was illegally issued, because the issuing justice of the peace did not read or consider the affidavit attached to and supporting the warrant.

The justice of the peace testified that the affidavit was regularly sworn to before him, and signed in his presence, by the .affiant. The substance of his testimony, with reference to his judicial deliberation on the issuance of the warrant, is: "I told you just now that I didn't remember just how much I did read. I didn't read it all plumb down to the bottom. I sketched it over like a man would and signed it up."

By affidavit, read in support of the motion for a new trial, the justice of the peace represented to the court that he did not read that part of the affidavit attached to the warrant which set out the facts upon which the warrant was issued.

The variance in positiveness and certainty of recollection, between the testimony of the justice of the peace

on the trial and the statements in his subsequent affidavit, demonstrates the wisdom and necessity of a rule which would forbid collateral inquiry into the thoroughness with which a judicial officer considers evidence offered to induce judicial action.

The affidavit for the search warrant was presented to the magistrate in good faith, for his judicial consideration, and by the issuance of the warrant he adjudged that the affidavit was sufficient to create in him a belief that the warrant should issue. *Hampton* v. *State,* 148 Tenn., 155, 252 S. W., 1007.

It was for him to determine whether to read the affidavit "plumb to the bottom" or merely "sketch it over," and, in the absence of fraud or collusion or wilful failure to exercise his discretion, his action in holding the affidavit sufficient was final and not subject to review, except for deficiency on the face of the affidavit or warrant. *Bragg* v. *State,* 155 Tenn., 20, 290 S. W., 1.

The judgment of the justice of the peace itself imports verity, and cannot be impeached by his subsequent statement that he did not consider the evidence presented to him. Shannon's Code, sec. 5988. The same principle applies which forbids a juror to impeach his verdict, by saying that his conscience was not satisfied. *Lee* v. *State,* 121 Tenn., 521, 116 S. W., 881, and cases there cited.

We find the appeal without merit, and the judgment will be affirmed.