GALLIMORE *v.* STATE.

(*Jackson*, April Term, 1938.)

Opinion filed May 28, 1938.

Robert G. Jeter, of Dresden, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a conviction of transporting, with a fine of $100 and a jail sentence of six months. As Gallimore drove into Martin, Tennessee, from Fulton, Kentucky, some dozen miles away, he was stopped and his car searched by a police officer of Martin and a deputy sheriff of the County and found to be transporting a large quantity of liquor. He complained only that the testimony of the officers should have been excluded because obtained as the result of an unlawful search. The State relies on (1) a search warrant and (2) a lawful arrest on reasonable information of a felony.

The sole complaint of the search warrant, which was issued by the magistrate some twenty minutes before the arrest, is that the officer who appeared before the magistrate and made the affidavit did not give the name of his

informant to the magistrate. We quote the following pertinent excerpts from the affidavit:

"The said liquors are now located and may be found in possession of said person in this County, on his the automobile used and occupied by him described and located as follows:

"A chevrolet coupe equipped with Tennessee license 1936 No. 97-999 said intoxicating liquor is being transported in said automobile by the said Neal Gallimore from one point to another within Weakley County, Tennessee. . . .

"This affidavit is made upon information which affiant verily believes to be true, as follows:

"Affiant says that he has information from reliable citizens of Weakley County, Tennessee, which he believes to be true, that the said Neal Gallimore is using said automobile to transport intoxicating liquor from one point to another within Weakley County, Tennessee, said reliable citizens having seen the said Neal Gallimore transporting intoxicating liquor in said automobile and is using said automobile for the purpose of transporting intoxicating liquor."

■ We have no case holding that it is essential to the validity of a search warrant that it shall recite that the name of the informant was given to the magistrate. Counsel rely on the language used in *Elliott* v. *State*, 148 Tenn., 414, 256 S. W., 431 (and elsewhere), that the affidavit made on information and belief shall disclose "the nature and source of the information so that the magistrate himself can determine whether probable cause exists for the issuance of the search warrant." It is assumed that "source of the information" means name of the informant. We have not so construed it. A sufficient

"source of the information" is any "reliable person." For example, in *Stroud* v. *State,* 159 Tenn., 263, at page 267, 17 S. W. (2d), 899, after quoting the above language from the Elliott Case, the Court said:

"The statement of the affidavit that the informant was a reliable person, and claimed to have heard the plaintiff in error agree to deliver whisky on the night the search warrant was to be executed, justified the magistrate in determining that probable cause existed for the issuance of the warrant; and this averment alone was, in our opinion, sufficient to meet the attack on the affidavit."

In determining that probable cause appears for issuance of the warrant the magistrate is performing a judicial act. *Seals* v. *State,* 157 Tenn., 538, at page 541, 11 S. W. (2d), 879; *Hampton* v. *State,* 148 Tenn., 155, 252 S. W., 1007; *Craven* v. *State,* 148 Tenn., 517, 256 S. W., 431.

It is for the magistrate himself to determine, whether, in any case before him, it is essential that the name of an informant, otherwise shown to him to be a reliable person, shall be given. In other words, what particular, or specific, facts shall be placed before the magistrate in order to justify the exercise of his discretion in determining whether or not "probable cause" exists is for the magistrate himself to determine, provided only that it appears from the face of the affidavit that there was material evidence before him supporting his action. To this extent only will this Court review his action.

Counsel for the accused on the trial of this case sought to go behind or beyond the affidavit, and proved by the magistrate and the officer that the name of the informant was not in fact disclosed at the time to the magistrate. Asked what Templeton, the police officer who made the

affidavit, told him when he came to his office, the magistrate replied: ''He said he wanted a search warrant to search Mr. Gallimore's car; that he had information that he believed to be good, true and correct that he would be through there with some whiskey.'' Asked if Templeton told him his informant's name, he replied he did not think so.

█ █ In view of what has already been said, this evidence was not essential, although it is proper for the name of the informant to be disclosed to the magistrate. Moreover, the judgment of the magistrate, evidenced by his warrant and the accompanying affidavit being regular on its face, it was not competent thus to attack his judgment. The Code, section 10189, provides that, ''Every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace . . . where it appears on the face of the proceedings that the justice had jurisdiction of the subject-matter and of the parties.''

The applicable principle is thus stated in *Reed* v. *State*, 162 Tenn., 643, at page 645, 39 S. W. (2d), 749:

''*(1)* The affidavit for the search warrant was presented to the magistrate in good faith, for his judicial consideration, and by the issuance of the warrant he adjudged that the affidavit was sufficient to create in him a belief that the warrant should issue. *Hampton* v. *State*, 148 Tenn., 155, 252 S. W., 1007.

''*(2)* It was for him to determine whether to read the affidavit 'plumb to the bottom' or merely 'sketch it over,' and, in the absence of fraud or collusion or willful failure to exercise his discretion, his action in holding the affidavit sufficient was final and not subject to review,

except for deficiency on the face of the affidavit or warrant. *Bragg* v. *State,* 155 Tenn., 20, 290 S. W., 1.

"*(3)* The judgment of the justice of the peace itself imports verity, and cannot be impeached by his subsequent statement that he did not consider the evidence presented to him. Shannon's Code, section 5988. The same principle applies which forbids a juror to impeach his verdict by saying that his conscience was not satisfied. *Lee* v. *State,* 121 Tenn., 521, 116 S. W., 881, and cases there cited."

The holding in *Smith* v. *State,* 169 Tenn., 633, 90 S. W. (2d), 523, that the trial Judge erred in refusing to permit counsel for the defendant to ask the arresting officer where he procured the information on which he acted is not controlling here. That was a case in which the officer had acted without a warrant on information that a felony was being or about to be committed in the transportation of liquor. The question of whether or not the officer had probable cause was being tried before the Court and the evidence rejected was offered on the trial. The matter was properly before this Court for review.

Holding that the search warrant in the instant case was regular, it becomes unnecessary to consider whether or not the officer had probable cause for an arrest without a warrant.

The judgment is affirmed.