MARSH *v.* STATE.

(*Nashville,* December Term, 1946.)

Opinion filed June 26, 1947.

JOE W. HENRY, JR., of Pulaski, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney-General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal from conviction of unlawful possession of whiskey and fine of $100 for the offense. The determinative question presented is the validity of the search warrant by which the only evidence was obtained which supports the conviction. The warrant was issued not by a Judicial officer, but by the Clerk of the General Sessions Court of Giles County under authority assumed under the following provision of the Act of the Legislature creating that Court, that the Clerk of the Court ". . . shall have concurrent authority with the Judge to issue warrants and other processes and writs, other than those which the law required shall be issued only by a Judicial officer." Sec. 17, Chapter 186, Private Acts 1943.

It has long been established as the law of this State that the issuance of a search warrant is a judicial function. *Elliott* v. *State,* 148 Tenn. 414, 416, 256 S. W. 431; *Craven* v. *State,* 148 Tenn. 517, 519, 256 S. W. 431; *Jackson* v. *State,* 153 Tenn. 431, 440, 284 S. W. 356; *Gallimore* v. *State,* 173 Tenn. 178, 182, 116 S. W. (2d) 1001; *Lea et ux* v. *State,* 181 Tenn. 378, 381, 181 S. W. (2d) 351.

Clearly, therefore, authority vested in the Clerk to issue warrants under section 17 of the Act of 1943, *supra,* did not include the issuance of search warrants, and that function was excluded by the language (such warrants as) "shall be issued only by a Judicial officer."

We, therefore, accept the recommendation of the Attorney General and the judgment is reversed and the cause remanded.

All concur.