## DALY v. BISHOP.—230 S. W. (2d) 411.

Middle Section.   February 24, 1950.

Petition for Certiorari denied by Supreme Court, June 7, 1950.

Bennett Eslick, of Pulaski, for appellant.

D. R. Wade, Jr., and Joe W. Henry, Jr., both of Pulaski, for appellee.

HOWELL, J. This is a suit for damages for personal injuries and to the automobile of the plaintiff growing out of an accident on Highway No. 64, East of Pulaski, Tennessee, in which the plaintiff's automobile ran into the rear end of defendant's truck which was parked after dark on the pavement of the highway without lights burning.

The pleas were not guilty and the contributory negligence of the plaintiff.

Upon the hearing before the Circuit Judge and a jury there was a judgment for the plaintiff for $2,250 for his personal injuries and property damages.

The defendant has appealed in error to this Court and has assigned numerous errors.

The declaration alleged in part as follows:

"That on or about the 5th day of November 1948, at about 7 P. M., plaintiff was driving and operating his automobile in a prudent and careful manner and at a

lawful rate of speed, and was proceeding generally East on Highway 64, and at a point about 2½ miles East of Pulaski; that plaintiff, as aforesaid, was operating his car in a good and careful manner at a lawful rate of speed and at which time plaintiff's automobile was in good and proper working condition, his lights, brakes and other parts being in a good and excellent state of repair.

"That at this time it was after dark and plaintiff's headlights were burning; that it had been and was raining at the time.

"That as plaintiff approached and arrived at said point about 2½ miles East of Pulaski on said highway 64, another car was meeting plaintiff, which said car was going in the opposite or Western direction, that plaintiff was proceeding upon his own and proper right hand side of said highway.

"That at or about the time plaintiff and the car proceeding West or in the opposite direction were about to pass each other there suddenly loomed up in front of plaintiff an object parked upon the highway upon plaintiff's side highway and completely blocking plaintiff's side of said highway; that because of the lights of the approaching car it was impossible for plaintiff to see, and plaintiff did not see this object parked upon the highway until he was within a few feet of the same.

"That the defendant, Lester F. Daly, had wantonly, recklessly, negligently and in violation of law stopped and parked his truck upon the paved surface of the highway, wholly without lights, and that this was the object that appeared so suddenly in front of your plaintiff's car that he had no opportunity to stop, and that plaintiff therefore ran into the rear of defendant's truck, the same being a 1945 Chevrolet, License No. 24-P/2-617."

■ There is ample evidence to justify the jury in finding that the accident happened substantially as alleged in the declaration. It was for the jury to determine whether or not the explanation as to why the defendant's car was stopped on the paved portion of the highway, without lights, after dark and on a rainy evening was satisfactory and was negligence on the part of the defendant. The jury has settled this question by its verdict for the plaintiff. See Patillo v. Gambill, 22 Tenn. App. 485, 124 S. W. (2d) 272, and many other cases.

■ It is insisted for the defendant that the verdict of the jury is excessive.

The damage to plaintiff's automobile was proven to be $800 and for his loss of time, necessary expenses incurred and suffering and permanent injuries sustained the jury awarded $1,450. This verdict was approved by the trial Judge and we cannot say that it is excessive.

This Court said in the case of Municipal Paving & Construction Co. v. Hunt, 22 Tenn. App. 380, 123 S. W. (2d) 843, 847: "The amount of compensation one is entitled to recover for personal injuries wrongfully inflicted upon him by another is primarily a matter for the jury, guided by proper instructions from the trial judge. After they have found such amount and the trial judge has exercised his discretion and approved it, this court will not disturb it, unless it is fairly evident that he failed to keep the jury within reasonable bounds. Reeves v. Catignani, 157 Tenn. 173, 7 S. W. (2d) 38; Power Packing Co. v. Borum, 8 Tenn. App. 162, 180; National Funeral Home v. Dalehite, 15 Tenn. App. 482, 499; Greyhound Lines, Inc. v. Patterson, 14 Tenn. App. 652, 667.''

There is an insistence in assignment of error No. 7 that the defendant should be granted a new trial because the verdict of the jury shows passion, prejudice and caprice on the part of the jury and especially one individual member who was an uncle of witnesses for the plaintiff. The record does not support this insistence. It appears in the record in the motion for a new trial and there was no evidence to sustain it. A motion for a new trial is only a pleading and cannot be looked to as establishing its allegations as facts. Overton v. State, 165 Tenn. 575-579, 56 S. W. (2d) 740.

Numerous errors are assigned to the charge of the Court and to its action in refusing special requests.

The charge of the Court taken as a whole is an accurate statement of the applicable law and the requests denied are either covered in the charge or are not correct statements of the law. We find no reversible errors.

It results that all the assignments of error are overruled. The defendant had a fair and impartial trial of the case and the judgment of the trial Court is affirmed.

A judgment will be entered here in favor of the plaintiff Kenneth Bishop and against the defendant Lester F. Daly for the sum of $2,250 and the costs of the case. Affirmed.

Felts and Hickerson, JJ., concur.