MARTIN SOLOMON, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

584

VANDERVEER & PARKS, Chattanooga, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Plaintiff in error, Martin Solomon, hereinafter called defendant, was convicted upon an indictment alleging (1) that he did unlawfully and knowingly possess and transport a gaming device, to-wit, "Butter and Egg Tickets", and (2) that he did unlawfully and knowingly possess and transport a gambling record, to-wit, "Butter and Egg Tickets". Pursuant to his seasonable request that the jury fix his punishment, he was fined $1,000 and sentenced to serve 11 months and 29 days in the workhouse. He has appealed and assigned 11 errors which raise the following question.

First, it is said that the evidence preponderates against the verdict. The defendant did not testify. The only witnesses for the State were George Ely, the constable who made the arrest and the Hon. Joe F. Goodson, Judge of the General Sessions Court of Hamilton County, who issued the two search warrants which appear in the record. One of these warrants was authority for the search of the person of defendant and the other for the search of his automobile. They were dated May 13, 1957,

and were served on May 14. The search revealed under the car seat some "Butter and Egg slips." The defendant then took from the glove compartment of his car a sack of change containing $44.90 and a small roll of money containing $51 which he said was all that belonged to the Butter and Egg Tickets but the officers later discovered a larger roll of money containing $687 also in the glove compartment with Butter and Egg Tickets in the center of the money. This officer then testified that he was familiar with the manner in which gambling was carried on with these tickets and that the tickets were being used for gambling purposes. The General Sessions Judge testified that during the preliminary hearing conducted by him the defendant stated that part of the money came from his place of business and the remainder of it came from the sale of these tickets.

If this evidence was admissible, there is no question that the evidence does not preponderate against the verdict of guilt. The defendant then raises the following legal questions.

The 11th assignment of error refers to the alleged claim that the warrant for the arrest of defendant was issued by the clerk of the General Sessions Court and was, therefore, invalid under *Marsh v. State,* 185 Tenn. 103, 203 S.W. 2d 372. The warrant is not in the record and there is no evidence otherwise of such fact of issuance. The amended motion for a new trial alleges such to be the fact but that is nothing but a pleading and is not evidence of the truth of the allegation. *Daly v. Bishop,* 33 Tenn. App. 162, 166, 230 S.W.2d 411. Moreover, if the two search warrants were legal and valid, and it appears from the record that they were

issued by the General Sessions Judge himself, then when they were served upon the defendant he was guilty of committing a misdemeanor of the nature of a public offense and a threatened breach of the peace in the presence of the officer and no warrant for his arrest was necessary. T.C.A. sec. 40-803(1); *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633; *State ex rel. Blanchard v. Fisher,* 193 Tenn. 147, 150, 245 S.W.2d 179; *State ex rel. Harbin v. Dunn,* 39 Tenn.App. 190, 282 S.W.2d 203, 206; *State ex rel. Thompson v. Reichman,* 135 Tenn. 653, 188 S.W. 225 (threatened breach of the peace).

This assignment is, therefore, overruled.

■■ By other assignments it is contended that the court erred in not allowing the defendant to show in the Criminal Court that the search warrants were issued without sufficient probable cause. No authority is cited for this insistence and our cases uniformly hold the other way. If the affidavit for warrant is regular on its face showing that there was material evidence before the magistrate supporting his action, then, except for fraud or collusion, his action is not subject to review. *Reed v. State,* 162 Tenn. 643, 39 S.W.2d 749; and *Gallimore v. State,* 173 Tenn. 178, 116 S.W.2d 1001. These two search warrants appear to be regular on their face as above suggested and do not indicate any wilful failure to exercise discretion and there is no indication of fraud or collusion. Thus the assignments must be overruled.

■ Another question raised is that, since the search warrants were dated May 13 and when they were served the next day the gambling slips found were dated May 14, it is said that this converted these warrants into general warrants which would make them violative of our

constitutional provision on search. We do not think there is any merit in this insistence. The evidence shows that this gambling device is a continuous day-to-day proposition in which the tickets are dated because they relate to the price of butter and eggs day by day. It would be utterly unreasonable to require the law enforcement authorities to guess what time of day the change in the date of the tickets was going to take place, that is, whether it would be on the day before their date or during the nighttime or during the next morning. Moreover, it is a comprehensive plan or scheme and the date of the tickets is of no importance except for the reason above stated. The brief of the State aptly refers to the quotation from 74 A.L.R. 1513, in *Lea v. State,* 181 Tenn. 378, 383, 181 S.W.2d 351, and the additional excerpt from the same authority in which it is said:

"It is not essential that the property to be seized, which the warrant must specify, shall be the identical liquor possessed at the time of the search; where there has been buying and selling of liquor, the liquor substituted may be seized."

■ Again, it is insisted that the court erred in allowing Judge Goodson, the magistrate who presided at the preliminary hearing, to testify to the above mentioned statements of the defendant about the money. There was no error in this since it was an admission against interest.

■ Complaint is made that the court overruled the defendant's motion for a directed verdict at the conclusion of the evidence. This Court has uniformly never authorized such practice.

Complaint is made that the court erred in over-ruling the defendant's motion that the $687, which he claimed came from his other business, be returned to him. There was no error in this because it was proper to hold the money until final determination of the case.

We have given careful consideration to all the assignments and we find that they are all without merit. The judgment below is affirmed.