STATE OF TENNESSEE ex rel. REBECCA CATE HOGUE

*v.*

JESSE BUTLER.

464 S.W.2d 550.

(*Knoxville,* September Term, 1970.)

Opinion filed March 1, 1971.

ROBERT W. RITCHIE, Knoxville, for appellant.

ROBERT L. CROSSLEY, Knoxville, for appellee.

MR. JUSTICE MCCANLESS delivered the opinion of the Court.

The relator filed a petition for mandamus against the judge of the municipal court of Knoxville, a committing magistrate by the terms of Section 38-301, T.C.A. She alleged that she is the defendant in three criminal cases in which she is charged with the violation of statutes and municipal ordinances which prohibit the possession of marijuana, legend and hallucinagenic drugs; that a police officer had presented an affidavit and obtained a search warrant from the defendant authorizing the search of certain premises in Knoxville; that when the cases came on for preliminary hearing before the defendant he refused to grant a hearing as provided by

Section 40-514, T.C.A., the grounds on which the search warrant had been issued being controverted as set forth in the relator's petition to suppress the evidence; and that the relator had petitioned for a preliminary hearing under the provisions of Section 40-1101, et seq., T.C.A., but had been bound to the grand jury which was in session though not then meeting. She prayed for a mandamus requiring the defendant to hold a hearing on the grounds alleged in the affidavit for the search warrant.

The defendant interposed a demurrer which the Circuit Court sustained. The relator has appealed.

█ █ A contest of the ground on which a search warrant is issued, Section 40-514, T.C.A. would be a part of the preliminary hearing procedure prescribed by Section 40-1101, etc., T.C.A., but is subject to the provisions of Section 40-402, T.C.A. The latter section provides that if the grand jury of the county where the offense is charged to have been committed is in session the magistrate shall not try the case except on a plea of guilty but shall bind the defendant to the grand jury. "But it is not necessary that the grand jury shall sit continuously or day after day, but its sessions may be so timed as the business before it demands." *Davis v. State ex rel. Arwood*, 104 Tenn. 553, 58 S.W. 237.

Since the grand jury of Knox County was in session, although not then meeting, the defendant properly bound the relator to the grand jury without conducting the hearing under Section 40-514, T.C.A., for which she petitioned.

We may observe that should the grand jury return an indictment against the relator she will have the right in the trial court to controvert the legality of the search

warrant and of the search made under its authority. Section 40-519, T.C.A.

We affirm the judgment of the Circuit Court at the relator's cost.

DYER, CHIEF JUSTICE, CHATTIN and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.