**Cecil Curtis ANDERSON, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 22, 1974.

Certiorari Denied by Supreme Court June 3, 1974.

Robert M. Stivers, Jr., Knoxville, for appellant.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Lance D. Evans and John W. Gill, Jr., Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

O'BRIEN, Judge.

Cecil Curtis Anderson was indicted for possession of heroin for resale in the Criminal Court of Knox County. A jury verdict of guilty was returned against him with the penalty fixed at eight (8) years. The trial court entered judgment of imprisonment in the State Penitentiary for a period of not less than five (5) years nor more than eight (8) years. Motions for new trial was overruled. Appeal was prayed and granted and the matter is properly before us for review.

By the first assignment of error it is charged that the trial court erroneously admitted evidence seized in the defendant's motel room under color of a search warrant because (a) two (2) different returns on the search warrant were made to the issuing court; and (b) that the search warrant is invalid upon its face.

We consider first the validity of the search warrant, which is attacked on the premise that the affidavit to the search warrant was insufficient for its issue by the magistrate because it was made by a police officer on information received from a confidential informant, and failed to show that certain specified information with regard to the informer was supplied to the magistrate. The brief for defendant includes many suggested requirements which it is contended should be included in the affidavit to the search warrant as the basis for its issue. Several citations of authority are made which do not support these contentions. It is not necessary to recite here each of those requirements listed. The law on this subject, gauged by Federal standards, has been recognized in this State for many years. It is "not necessary to link up particular facts with particular sources of information, or any source of information for that matter, so long as it is stated to be a reliable source or the facts are from personal knowledge of the affiant." Owens v. State, 217 Tenn. 544, 399 S.W.2d 507, citing Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697; Aguilar v. State of Texas, 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. The magistrate determines the verity of the facts in an affidavit before he issues the warrant, and in so doing performs a judicial act which is not subject to review unless there

are no material facts upon which he bases this discretion. Owens v. State, supra; O'Brien v. State, 205 Tenn. 405, 326 S.W. 2d 759; Solomon v. State, 203 Tenn. 583, 315 S.W.2d 99; Dishman v. State, 3 Tenn.Cr.App. 725, 460 S.W.2d 855. We have examined the search warrant, and the accompanying affidavit, and find the warrant is based upon facts in the affidavit sufficient to support the magistrate's finding of probable cause. Hodges v. State, Tenn.Cr.App., 491 S.W.2d 624.

■ We must also overrule that part of the assignment applying itself to the admission of evidence seized in the defendant's motel room under cover of the search warrant. In the first instance, although defendant admits he had rented and resided in the motel room, he denies interest in the articles seized in the search. This would waive any valid objection to evidence obtained by the search. Bowman v. State, 211 Tenn. 38, 362 S.W.2d 255. Moreover, the return of an officer upon a search warrant is a ministerial function and does not affect the validity of the warrant and its execution by the officer. Bowman v. State, supra; State v. Calvert, 219 Tenn. 534, 410 S.W.2d 907. Defendant argues he was prejudiced because the jury saw "spoons and needles" on the return, and because the trial court allowed the question of the possession of heroin for resale to go to the jury for this reason. There is other competent testimony in the record concerning the narcotics paraphernalia which was in plain view in the motel bathroom. Furthermore, the defendant himself admitted seeing the narcotics paraphernalia simultaneously with the police raid, but states it was scattered about the room by his companions. Our Supreme Court quite recently, (Brewer v. State, Tenn., 501 S.W. 2d 280) has reaffirmed those cases holding that statements a defendant makes on direct examination may qualify as an exception to the exclusionary rule and open the door to otherwise inadmissible evidence. We hold that this evidence was not erroneously admitted and, if it were, defendant

has waived the provisions of the exclusionary rule by his testimony.

The second assignment contends the trial court erred by admitting into evidence four bags of substance alleged to be heroin, but not tested or proven to be heroin, and the facts and circumstances of their seizure, and disposition. No authority is offered to sustain this assignment.

Seven packets of white substance identical in size and quantity were contained in a small metal box seized by the police. Three of these packets were analyzed in the State laboratory and determined to contain heroin. Two packets were delivered to the University of Tennessee Hospital and subsequently returned. All seven packets were introduced into evidence. After objection by defense counsel to the admission of the four packets upon which no analysis had been made, or, introduced into evidence, the trial court ruled that the similar packaging, and arrangement, and all the circumstances surrounding their possession and seizure were matters to be properly considered by the jury.

■ A trial judge has wide discretion in regard to the introduction of evidence, and admission or rejection of evidence is not ground for reversal unless it shall affirmatively appear that the alleged error effected the result of the trial. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. We do not find any abuse of the trial court's discretion in the admission of all of the evidence seized in the defendant's motel room.

■ The third assignment states that the trial court erred in admitting evidence that two (2) black males were observed coming to the motel, immediately prior to the raid.

The affidavit to the search warrant which defendant has urged was insufficient, alleges, inter alia, that the informant had seen several heroin users going to and from the apartment. The testimony of a police officer was that just prior to the

raid two (2) persons were observed driving up to the motel. One of them known to be an addict. Objection was made and sustained on the grounds that this evidence was irrelevant and immaterial. Defendant was charged in this case with possession of heroin for resale. Under the indictment and evidence there is no doubt that this evidence was admissible, even though the objection to its admission was sustained. We do not find error and the assignment is overruled.

■ By the fourth assignment error is charged to the trial court in allowing testimony from two police officers and a State toxicologist with regard to the percentage and normal or street dosage of heroin.

We have read this record and are satisfied that each of these witnesses was qualified as an expert in his field. All procedural safeguards were observed in the admission of their testimony. The trial court properly instructed the jury on the reception of expert testimony. We hold that the admission of this evidence was properly allowed, and the assignment of error must be overruled.

By the fifth assignment error is assessed in allowing the State toxicologist to testify as to why he ran a percentage test, a quantitative analysis, on the evidence seized in this particular case, his answer being hearsay.

■ The witness testified that he received the material for analysis together with a standard printed form which also included a request to determine the percentage of heroin in the material submitted. The reason why he ran the percentage test, or quantitative analysis is irrelevant, but was not prejudicial to the defendant. The witness was qualified to make this determination, he testified in detail regarding the methods he utilized in doing so, and this evidence was admissible. The assignment is overruled.

Reversal is urged because the trial court admitted, over defendant's objection, de-fendant's response on cross-examination to the State's question with regard to his use of any drugs at any time, and with regard to his use or possession of any drugs other than those set out in the indictment, over the weekend in question, on the premise that this testimony was irrelevant and admitted solely for the purpose of inflaming the jury.

On direct examination, the defendant testified that he returned to Knoxville, Tennessee from Atlanta, Georgia on the weekend preceding August 9th, 1971, the day of his arrest. He was allowed to testify extensively about his past work history and military record for the purpose of establishing his good character. He was allowed to testify that during the several days he was in the motel a number of friends and former classmates visited there, and a number of them were narcotic users. He denied that he possessed any heroin during that weekend, or that he had any intentions to sell any heroin. He denied any knowledge that any of his visitors had any heroin or paraphernalia for its use in the motel room prior to the time the police arrived. He also denied having paraphernalia of his own. He testified that three of the four visitors in his room were heavy drug users.

This was delved into on cross-examination, in the course of which he admitted that he and Curtis Lundy, one of his visitors, ". . . . had messed around together", in the use of drugs. He was then interrogated about his personal involvement with drugs, and was asked, "how long before this particular incident happened on August 9th, had it been since you'd had some kind of drugs?" He responded, "I'd say, I'd say close to a month." He was asked, "What other kind of drugs did you mess around with?" Objection was made at this point on the basis that this was not the relevant issue, and the State was conducting a general exploratory examination. The trial judge overruled the objection and allowed the examination to continue on the theory that it

was a proper question going to character. Defendant answered that he had used marijuana and numorphan. He was asked, "did you have any of these drugs with you here in Knoxville?" He replied in the negative, at which point objection was again made on the basis of relevancy. The trial judge overruled the objection and instructed the jury as follows:

"Very well, ladies and gentlemen of the jury, I overrule the objection by defense counsel, but I say to you now, this young man is not being tried for possession of marijuana or numorphan or cocaine or anything else except the drug named in the indictment. I'm permitting the question, only going to the character. You will consider it for that purpose, if for anything and for nothing else. Very well."

In the course of the rigid cross-examination he was asked why the various people, some of whom he did not know too well, came by his motel room. In response he stated that prior to going to Atlanta he had an apartment and the same practice existed then, that is, he had a lot of friends and was pretty well known. He was asked if he had ever used drugs with anybody at this apartment, and replied in the negative. He denied knowledge of anyone using drugs in the motel room during his stay there, or that he had seen their "kits" used to take drugs. While being examined about the use of the hypodermic needles and spoons, etc., found in the room anytime during the period it was occupied by him, he testified that he had seen people use this equipment, but not in the motel room.

Later on re-direct examination he was asked if he had seen a "kit" prior to August 9th, 1971, just anywhere at any time, to which he responded he had. On re-cross-examination he was asked, "In fact, you had a kit before yourself?" He responded in the affirmative, and was asked how long before this particular time he had started using drugs to which his answer was, "I'd say really, I don't know, kind of scattered at first, I would say I really just kind of used less maybe, less than a year before I stopped." He also said he had stopped about July of that year.

Defendant cites Mays v. State, 145 Tenn. 118, 238 S.W. 1096, as authority on the general rule regarding the introduction of evidence of independent crimes. The *Mays* case involved a murder in Knox County. The part of the opinion in that case cited by defendant was included in the discussion by our Supreme Court in consideration of an assignment of error by the defendant regarding testimony he endeavored to introduce to show that subsequent to the murder the homes of a number of women had been entered by some person, and either assaults or attempted assaults of a similar nature made upon females at a time while the defendant was incarcerated in the Knox County jail, and could not have committed said assault. In overruling the assignment the court went on to discuss the rule regarding the irrelevancy and inadmissibility of evidence of another crime wholly independent of that for which one is on trial, and the exceptions to that rule. Portions of the opinion omitted from defendant's brief go on to say:

"This general rule does not apply where the evidence of another crime tends directly to prove defendant's guilt of the crime charged. Evidence which is relevant to defendant's guilt is not inadmissible because it proves or tends to prove him guilty of another and distinct crime. It frequently happens that two distinct offenses are so inseparably connected that the proof of one necessarily involves proving the other, and in such a case on a prosecution for one evidence proving it cannot be excluded because it also proves the other. Evidence of another and distinct crime is admissible if it was committed as a part of the same transaction and forms part of the res gestae.

When the nature of the crime is such that guilty knowledge must be proved, evidence is admissible that at another time and place not too remote the accused committed or attempted to commit a crime similar to that charge.

Also evidence of other crimes committed by the accused similar to that charged is relevant and admissible when it shows or tends to show a particular criminal intent, which is necessary to constitute the crime charged.

Evidence is also admissible to show motive prompting the commission of the crime charged by the accused, and is admissible notwithstanding it also shows the commission by the accused of another crime of a similar character. Thus it may be shown that the crime charged was committed for the purpose of concealing another crime, or to prevent the accused from being convicted of another crime. But evidence of another crime which has no connection with that for which the accused is on trial, and which, therefore, it is not relevant to prove motive, cannot be introduced under the guise of proving motive."

Much more is said in the *Mays* case, regarding other exceptions to the rule on inadmissibility of evidence of other crimes, which, although consistently followed in this State, is not pertinent to the decision here. The trial judge in this case held that the objected to evidence was admissible because defendant had put his character in issue and evidence of his use of drugs was properly admissible to show the nature of his character and the extent of his credibility as a witness in his own behalf.

■ It is plain that the increase in the crime rate in recent times, is, to a large degree, due in direct ratio, to the marked increase in the use of drugs of various sorts, and attendant trafficking in their transportation and sale. Statistics bear out that the incidence of crimes of violence, and the proliferation in criminal trespasses involving burglaries, robberies, larcenies, thefts, and crimes of similar nature, result from the need of drug addicts to satisfy their demand. It is common knowledge that many "pushers" are forced into the business of selling drugs to others in order to maintain a supply to feed their own habit. In view of this changing trend in the rise of criminal offenses, and the peculiar relationship between the addictive use of drugs with the increase in crimes of all nature, reason impels us to hold that the objected to evidence was admissible, not only to show the character and credibility of the defendant, but for the purpose of showing motive as well as, possibly, intent.

■ Further, we are in complete accord with the State's theory that the questions asked were proper for the purpose of impeaching the credibility of the defendant by attacking his character under the authority of McGowen v. State, 221 Tenn. 442, 427 S.W.2d 555. In the context in which the objected to questions were asked, and the answers given, the cross-examination was not improper. The trial judge properly instructed the jury on the lesser included offense of possession of a controlled substance without a prescription under T.C.A. Sec. 52–1432(a)(3), and had the jury elected to convict defendant of this offense the cross-examination and the admissions elicited thereby would have certainly accrued to his benefit rather than his prejudice. There is other ample authority to sustain the admission of the evidence. See Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7; State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460; Stewart v. State, Tenn.Cr.App., 484 S.W.2d 77; State v. Manning, Tenn., 490 S.W.2d 512.

The seventh assignment objects to denial of a mistrial when the State, on cross-examination asked defendant if he knew anything about a "killer batch" of heroin.

State's counsel first asked the defendant if he had *heard* about a killer batch of heroin coming in from Atlanta. Objection to

this statement was sustained. The trial court ruled the question was improper. It was then asked of defendant if he *knew* anything about the killer batch of heroin that came in from Atlanta during that summer. Upon objection duly made by defendant the court again sustained the objection and admonished the jury to disregard any statement by counsel as to any Killer dose coming in from Atlanta because that had nothing to do with this particular case. This line of questioning was improper, and the trial court so ruled.

■ The defendant answered these questions in the negative. The error in this cross-examination was cured by the instructions and admonition of the trial judge to the jury, and the error was at most harmless. T.C.A. Sec. 27–117.

By the eighth assignment defendant objects to the instructions to the jury, over defendant's objection, on the general rule that a witness available to one of the parties are not called by that party is presumed to, if called, to give evidence unfavorable to that party.

It is defendant's theory that the other occupants of the motel room at the time of defendant's arrest were eyewitnesses to the act with which the State charges defendant. That instructions to the jury should have been given to the effect that these witnesses would testify unfavorably to the State, and that the charge as given was improper and prejudicially effected the defense. This same issue was raised in Cantrell v. State, 3 Tenn.Cr.App. 434, 463 S.W.2d 145, in which we said:

" . . . and it is the theory of the defense that the trial judge's instruction to the effect that the failure to call a witness available to a party raises a presumption that his or her testimony would have been unfavorable to the side that should have called or produced such a witness shifted the burden of proof of the facts sought to be established in the defendant's theory to him. We find the statement of law charged by the trial judge to be correct and justified under the proof before the jury. It was encumbent upon the defendant, if he sought to prove someone else committed the crime, to bring in whatever witnesses he might have to support his position. There is no suggestion that the State suppressed or withheld any evidence favorable to the defendant."

■ Of course it is highly unlikely that any of the witnesses who were present when the heroin, and the paraphernalia for its use, was found in the motel room, at the time of defendant's arrest, would come forward and admit the ownership of the contraband so as to sustain the defense pro-offered in this case. According to defendant's testimony the charges against all of these parties were dismissed after an initial investigation. The State was under no obligation to call them as witnesses and we hold that the statement of law charged by the trial judge in this case was correct and justified under the proof before the jury.

The ninth and tenth assignments go to the preponderance of the evidence, charging first there was insufficient proof to submit to the jury of possession of a controlled substance for resale, and there was insufficient evidence of possession of a controlled substance by the defendant.

■ The evidence was that the police officers found seven packets of heroin contained in a magnitized metal box attached to a bedside lamp which was on a table adjacent to a bathroom the officers found spoons, bloody needles and burnt matches which defendant admitted were materials utilized in the injection of heroin. When the officers entered the room all the occupants were engaged in a dice game on the opposite side of the room from the bath. The evidence in regard to the strength of the heroin, which we have found to be admissible, was that it contained a percentage of the drug considerably higher than the average street dose. There is a rebuttal presumption that when drugs are found on premises owned or in the possession of a defendant, that those drugs are owned and possessed by the owner of the

premises.  See Whited v. State, Tenn.Cr. App., 483 S.W.2d 594.  The defendant offered an explanation to overcome this presumption, however, the jury was not bound to accept his explanation denying knowledge and possession of the drugs unless they found it credible and satisfactory.

In regard to the contention that the evidence was insufficient to warrant a conviction of possession with the intent to resell.  The jury was properly instructed, and was entitled to consider the provisions of T.C.A. Sec. 52–1432(a)(2) providing for an inference which might be made from the amount of controlled substance possessed by an offender.  The burden is on defendant here to show that the evidence preponderates against his guilt and in favor of his innocence.  See Rambo v. State, Tenn.Cr.App., 472 S.W.2d 911. We do not find that the defendant has carried that burden here.

All assignments of error are overruled and the judgment of the trial court affirmed.

MITCHELL and RUSSELL, JJ., concur.