**Johnny Odis WOODS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 21, 1977.

Certiorari Denied by Supreme Court May 9, 1977.

**784**

Jay Fred Friedman, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Richard S. McNeese, Asst. Dist. Atty. Gen., William E. Frulla, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The appellant was convicted in Shelby County for possession of marijuana with intent to sell. His punishment was fixed at not less than 2 years nor more than 5 years in the State Penitentiary and a fine of $2,000.00. We affirm the conviction.

On July 20, 1975, a search warrant was executed by police officers in order to search the residence of the appellant. As a result of the search, 165 pounds of marijuana and $13,000.00 in cash was seized. The appellant does not assail the sufficiency of the evidence, but says that the conviction should be reversed because the Court did not allow him a continuance and because the evidence should have been suppressed. The appellant also says that the Court erred in charging the jury with regard to parole and probation.

Immediately prior to the beginning of the trial, the appellant's counsel made an oral motion for a continuance to enable him "to procure witnesses and further investigate the case". The motion was not supported by affidavit. The Court was not apprised as to what witnesses the appellant proposed to procure or what the nature of their testimony was expected to be. The Trial Court denied the continuance and the appellant assigns this as error.

The appellant was indicted on October 28, 1975. He was arraigned on November 14, 1975. The case was originally set for trial on January 13, 1976, and was continued to January 27, 1976, at which time it was again continued to February 2, 1976. On February 2, it was reset for February 3, 1976, at which time the trial commenced.

T.C.A. § 19–413 requires that applications for continuances for the purpose of obtaining evidence be supported by a filed affidavit specifying the testimony relied upon. *Baxter v. State*, 503 S.W.2d 226 (Tenn.Cr.App.1973); *Maxwell v. State*, 501 S.W.2d 577 (Tenn.Cr.App.1973). A motion for a continuance is addressed to the sole discretion of the Trial Judge. The judgment of the Trial Judge will not be disturbed in the absence of a clear showing of an abuse of discretion, to the prejudice of the defendant. *Baxter v. State, supra* ; *Moorehead v. State*, 219 Tenn. 271, 409 S.W.2d 357 (1966). Upon this record, we cannot say that the Trial Court abused its discretion to the prejudice of the defendant in denying his motion for a continuance. Assignment I is overruled.

The second assignment of error is that the Court erred in not granting the appellant's motion to suppress evidence. The motion was based upon allegations of fraud. Under this assignment, the appellant also argues that the search warrant was insufficient on its face to establish probable cause for its issuance, and that the affidavit for the warrant was sworn to by an officer not having any knowledge of the reliability of the informant mentioned in the affidavit.

The search warrant was obtained from a General Sessions Judge of Shelby County on July 20, 1975. The affidavit stated: "On July 20, 1975, the affiants talked to a reliable informer, who has given the affiants

information in the past which they found to be true and correct. This reliable informer stated that within the past three (3) days this reliable informer has been inside the above described premises and has seen John Woods storing and selling marijuana inside these premises".

In challenging the sufficiency of the affidavit, the appellant relies on *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ The information given by the informant came from his personal observations of the offense and the items to be seized. He had previously supplied accurate information to the law enforcement officers. Under the rules laid down in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); and *Dishman v. State*, 3 Tenn.Cr. App. 725, 460 S.W.2d 855 (1970), this affidavit is sufficient for an independent determination, by a neutral officer, that probable cause existed.

■ In neither *Aguilar* nor *Spinelli* was the affidavit based upon information received from an eye-witness to the offense. The affidavit before us specifically states that the informant has given correct information in the past and that the affidavit was based upon the informer's personal observation of the offense. It is not necessary that the affidavit detail the reliable information given by the informant in the past. The affidavit is sufficient. *See, Owens v. State*, 217 Tenn. 544, 399 S.W.2d 507 (1966), and the cases cited therein.

The appellant alleged that fraud was involved in procuring the search warrant. The Trial Judge permitted the appellant to cross-examine the two officers who gave the affidavit for the search warrant, in an effort to show that the affidavit was fraudulent.

■ The facts stated in the affidavit upon which a search warrant is issued are not subject to contradiction at the trial for the purpose of suppressing the evidence secured by means of the search warrant, absent fraud or collusion. *Solomon v. State*, 203 Tenn. 583, 315 S.W.2d 99 (1958); *Squires v. State*, 525 S.W.2d 686 (Tenn.Cr. App.1975); *Poole v. State,*. 4 Tenn.Cr.App. 41, 467 S.W.2d 826 (1971). However, at the hearing outside the presence of the jury, there was no evidence indicating fraud in procuring the search warrant. Officer Case testified that she talked with the informant between July 17 and 19, 1975. She said that the informant worked for her regularly and told her that marijuana was being stored in the residence of the appellant. On July 20, 1975, she and Sgt. Sanders talked with Officer Davis of the Hernando, Mississippi Police Department, and with two persons Officer Davis had in custody on drug charges in Mississippi. These two suspects implicated the appellant's residence as a place where marijuana was stored, but Officer Case said that she did not use this information in procuring the search warrant because she could not vouch for the reliability of these two persons.

Upon returning to Memphis from Hernando, Mississippi on July 20, Officer Case contacted the informant who had recently given her information about the appellant. He confirmed this information and Officers Case and Sanders based their affidavit for the search warrant on the information given her by the regular informant. She did not mention the information she had obtained from the two individuals in custody at Hernando, Mississippi, in the affidavit. After trial, the appellant filed an affidavit signed by Officer Davis, stating that Officer Case and Sgt. Sanders did not inform him, "that they knew about the people who were arrested or that there was any investigation that this information aided in". The affidavit does not contradict the testimony of Officers Case and Sanders or the affidavit for the search warrant. It was not unusual that Officers Case and Sanders did not tell the Mississippi Officer about their confidential informant.

■ Both Officer Case and Sgt. Sanders signed the affidavit. Sgt. Sanders' testimo-

ny was substantially the same as that of Officer Case, but he stated that he was not personally acquainted with the informant who gave the facts upon which the affidavit was based. He said that he had been previously involved in a telephone conversation with the informant when the informant gave reliable information concerning law violations, although he had not dealt with the informant "directly". There is no evidence that either Officer Case or Sgt. Sanders gave the affidavit fraudulently. The evidence is to the contrary.

The Trial Judge's ruling on questions of law are conclusive unless the evidence preponderates against his findings. His findings will be given the weight of a jury verdict. *See, Taylor v. State*, 180 Tenn. 62, 171 S.W.2d 403 (1943); *Janow v. State*, 4 Tenn.Cr.App. 195, 470 S.W.2d 19 (1971). The evidence in this case does not preponderate against the finding of the Trial Judge that there was no fraud in procuring the search warrant.

The Trial Court permitted the appellant to attack the veracity of the affidavit for the search warrant on the mere allegation by counsel in open court that the affidavit was fraudulent. This was error. We hold that the defendant must initially show by affidavit of persons having personal knowledge of the facts, or other evidence, that the search warrant was procured by the officers either through perjury or collusion before the defendant can delve below the surface of a facially sufficient affidavit. The mere unsupported allegation of fraud is insufficient. *United States v. Luna*, 525 F.2d 4 (6th Cir. 1975); *United States v. Carmichael*, 489 F.2d 983 (7th Cir. 1973). Evidence should not be suppressed unless the trial court finds that the warrant is obtained by actual fraud or collusion. An innocent or mere negligent misrepresentation is not sufficient to invalidate a warrant or nullify a search. *United States v. Luna, supra; Solomon v. State, supra.*

In *United States v. Luna, supra*, the United States Court of Appeals, Sixth Circuit, adopted a procedure requiring a party attacking a facially sufficient affidavit to first submit prima facie proof of grounds for such attack before being entitled to a hearing on the validity of the affidavit and warrant, then stated:

"However, once such a hearing is granted, more must be shown to suppress the evidence. Evidence should not be suppressed unless the trial court finds that the government agent was either recklessly or intentionally untruthful. A completely innocent misrepresentation is not sufficient for two reasons. Most importantly, the primary justification for the exclusionary rule is to deter police misconduct (see *Kipperman, supra*, at 831, and cases cited), and good faith errors cannot be deterred. Furthermore, such errors do not negate probable cause. If an agent reasonably believes facts which on their face indicate that a crime has probably been committed, then even if mistaken he has probable cause to believe that a crime has been committed. Such errors are likelier and more tolerable during the early stages of the criminal process, for issuance of a warrant is not equivalent to conviction.

Negligent misrepresentations are theoretically deterrable, but no workable test suggests itself for determining whether an officer was negligent or completely innocent in not checking his facts further. We therefore conclude that evidence should not be suppressed unless the officer was at least reckless in his misrepresentation. Even where the officer is reckless, if the misrepresentation is immaterial, it did not affect the issuance of the warrant and there is no justification for suppressing the evidence. Arguably, the same conclusion could be reached as to deliberate but immaterial misrepresentations. However, we conclude that if deliberate government perjury should ever be shown, the court need not inquire as to the materiality of the perjury. The fullest deterrent sanctions of the exclusionary rule should be applied to such serious and deliberate government wrongdoing." 525 F.2d 4, at 7.

Assignment II is overruled.

The appellant's third assignment of error is that the Trial Court erred in allowing the search warrant to be introduced into evidence. The appellant did not assign this as error in his Motion for a New Trial and therefore, we cannot consider this assignment. Tenn.Sup.Ct.R., Rule 14(5); *Whisnant v. State*, 532 S.W.2d 572 (Tenn. Cr.App.1975); *Henley v. State*, 520 S.W.2d 361 (Tenn.Cr.App.1974). However, there is no merit in this assignment as there was compliance with T.C.A. §§ 40–516 and 40–518. The fact that the search warrant, after its return, was kept in the District Attorney General's office or elsewhere for a time does not invalidate the search or nullify the search warrant.

The Trial Judge charged the jury concerning parole under T.C.A. § 40–2707 and the appellant assigns this as error, citing *Farris v. State*, 535 S.W.2d 608 (Tenn. 1976). The evidence of the appellant's guilt is overwhelming. He was shown to have in his possession 165 pounds of marijuana. We are convinced beyond a reasonable doubt that the Trial Judge's instructions to the jury concerning parole violations did not affect the results of the trial either as to guilt or to punishment. Therefore, under the mandate of *Farris*,—"let every tub stand on its own bottom"—we must overrule this assignment.

The judgment of the Criminal Court of Shelby County is affirmed.

WALKER, P. J., and RUSSELL, J., concur.