**STATE of Tennessee, Petitioner,**

v.

**Jo Ann LITTLE, and Cheryl Szeigis, Respondents.**

Supreme Court of Tennessee.

Jan. 3, 1978.

Brooks McLemore, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for petitioner.

Dale Quillen, Richardson R. Lynn, Nashville, for respondent Little.

William C. Wilson, Richardson R. Lynn, Nashville, for respondent Szeigis.

## OPINION

FONES, Justice.

The State appeals from a decision of the Court of Criminal Appeals reversing and dismissing two (2) convictions for possession of a controlled substance (heroin) for the purpose of resale.

The appellate court held that (1) the trial court erred in not excluding evidence obtained pursuant to a search warrant issued upon the affidavit of a police officer who knowingly made false representations of material facts necessary to obtain the warrant, and that (2) there was insufficient evidence to connect defendant Szeigis to the heroin seized because the State did not prove that Szeigis was more than a casual visitor in the premises searched.

We affirm the decision that the evidence should have been excluded; our affirmance on this ground pretermits the other questions raised by defendants.

On the morning of March 8, 1973, Lt. Richard Ordway of the Metro Police Vice Squad executed an affidavit and appeared before a magistrate seeking a search warrant to search the residence of defendant Little. The pertinent part of the affidavit reads as follows:

"Your affiant (recieved [sic] information from) a reliable informant who is an adult citizen of Nashville, Davidson County, Tennessee. Said informant was in the above described location on this date, 3/8/73, and did see Jo Ann Little in possession of a large quantity of narcotics. Said informant knows and can recognize narcotics as such. Said informant has supplied the affiant with information concerning narcotics in the past and at all times said informants information has been correct. There are two cases awaiting the courts as a result of information supplied to the affiant from said informant. The name of said informant was supplied to the judge issuing this search warrant."

A hearing on a motion to suppress was held prior to trial, and Lt. Ordway admitted that a number of averments in the affidavit were false, to wit, that the informant had never supplied Lt. Ordway with information in the past, that there were no cases awaiting trial as a result of information supplied Lt. Ordway by the informant, and that the name of the informant was not supplied to the issuing magistrate.

Jo Ann Little arrived in Nashville from California at approximately 8:00 A.M. on March 8th. Lt. Ordway talked to the infor-

mant, either late in the evening of March 7th or in the early morning hours of March 8th. These facts are uncontradicted and it follows that the informant's alleged statement that he saw Jo Ann Little in possession of narcotics "at the above described location on . . . 3–8–73" (in Nashville) was false.

Lt. Ordway testified that he thought that the informant had supplied other policemen with reliable information in the past and that he thought that there were two cases pending as result of this information. His testimony was equivocal and demonstrated that he did not have actual knowledge of the informant's reliability, and was uncertain with respect to his hearsay information.

The Court of Criminal Appeals held "that the frank admissions of the officer-affiant in the present case constitute sufficient evidence of glaring disregard for the proper procedure to be followed in obtaining a valid search warrant so as to constitute actual fraud in its procurement."

## I

■ During the oral argument of this case, the Court raised the preliminary question of whether defendants had waived their right to contest the facts on which the warrant was issued by not doing so before the issuing magistrate, as authorized by T.C.A. § 40–514, which reads as follows:

"Contest of facts before magistrate.—If the grounds on which the warrant was issued be controverted, the magistrate must proceed to hear the testimony, which must be reduced to writing, and authenticated in the manner prescribed in § 40–504."

We note at the outset that this statute does not expressly provide for waiver of the defense for failure to assert it before the magistrate; on its face, the statute merely provides an early opportunity for one searched without probable cause to attack

the validity of the warrant; the mandatory provisions of the statute direct themselves only to the magistrate. However, our courts have held, on the authority of both the common law and the statute, that the only forum available to the criminal defendant to challenge the grounds on which the search warrant is issued is that of the issuing magistrate. *O'Brien v. State*, 205 Tenn. 405, 326 S.W.2d 759 (1959); *Solomon v. State*, 203 Tenn. 583, 315 S.W.2d 99 (1958); *Gallimore v. State*, 173 Tenn. 178, 116 S.W.2d 1001 (1938); *Reed v. State*, 162 Tenn. 643, 39 S.W.2d 749 (1931); *Woods v. State*, 552 S.W.2d 782 (Tenn.Cr.App.1977); *Squires v. State*, 525 S.W.2d 686 (Tenn.Cr. App.1975); *Anderson v. State*, 512 S.W.2d 665 (Tenn.Cr.App.1974); *Poole v. State*, 4 Tenn.Cr.App. 41, 467 S.W.2d 826 (1971).

The rule has sometimes been stated with the qualifying words "except for fraud or collusion," but we are unaware of any case wherein the defendant has been allowed to attack the warrant for fraud or collusion. See *Solomon v. State, supra; Woods v. State, supra; Poole v. State, supra.* In *Poole v. State, supra,* the Court of Criminal Appeals held that the admission of the affiant that he had lied as to the underlying circumstances supporting his informant's conclusions did not require suppression of the warrant at a hearing to suppress evidence on the basis that the defendant had not gone before the issuing magistrate to contest the grounds on which the warrant was issued. In *Woods v. State, supra,* the Court of Criminal Appeals stated that it was error for the trial judge to permit a hearing on the question of the veracity of the affidavit on which the warrant was issued without an initial showing by affidavit of fraud.[1]

This Court has not considered the precise question here presented since the passage of T.C.A. § 40–519, in 1965.[2] Because of the uncertainty of the law relative to when

1. It must be noted that in *Woods*, the trial court found no fraud, and the facts indicate that there was none, so this statement is dictum.

2. In *Owens v. State*, 217 Tenn. 544, 399 S.W.2d 507 (1965), and *State ex rel. Hogue v. Butler*, 225 Tenn. 137, 464 S.W.2d 550 (1971), observations touching this issue were pure dicta.

a defendant must contest the grounds on which a warrant is issued, we address the question.

We hold that the passage of T.C.A. § 40–519 has abrogated the rule of law that a criminal defendant must contest the grounds on which a search warrant is issued before the magistrate or the right is waived. That statute provides, in pertinent part, as follows:

"Any person aggrieved by an unlawful search and seizure may move the trial court for the county in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that . . . (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued. . . .

\*    \*    \*    \*    \*    \*

The motion to suppress evidence may also be made in the county where the trial is to be had. The motion may be made before trial or at the trial. Provided, that nothing herein shall be construed as prohibiting or in any way affecting the existing right of any person aggrieved by an unlawful search and seizure to object to the admissibility of evidence so seized at or during any hearing or trial."

This statute expressly provides for a contest in the trial court of the grounds on which a warrant is issued.

Thus, while jurisdiction remains with the magistrate, the question may be presented to him as provided in T.C.A. 40–514, but after jurisdiction passes to the trial court, the issue may be presented to it, as authorized by T.C.A. 40–519.

## II

■ Although a valid warrant may be issued where the knowledge of the affiant is based on hearsay, in such cases, due process requires that the affiant must aver the underlying circumstances upon which the informant based his conclusions, and the affiant must state why he has concluded that the informant is credible. *Spinelli v.*

*United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *United States v. Jenkins,* 525 F.2d 819 (6th Cir. 1975); *Owens v. State,* 217 Tenn. 544, 399 S.W.2d 507 (1965); *Woods v. State,* 552 S.W.2d 782 (Tenn.Cr.App.1977).

■ The law is uncertain as to the effect misrepresentations in an affidavit have on the validity of a warrant issued on the strength of that affidavit, the courts being divided over the weight to be given to findings that misrepresentations were negligently or recklessly made, or that such misrepresentations are material or immaterial; but the law is settled that a fraudulent misrepresentation of a material fact will invalidate a search warrant. See *United States v. Lee,* 540 F.2d 1205 (4th Cir. 1976); *United States v. Luna,* 525 F.2d 4 (6th Cir. 1975); *United States v. Morris,* 477 F.2d 657 (5th Cir. 1973); *United States v. Harwood,* 470 F.2d 322 (10th Cir. 1972); *United States v. Upshaw,* 448 F.2d 1218 (5th Cir. 1971); *United States v. Bowling,* 351 F.2d 236 (6th Cir. 1965).

■ To hold otherwise would effectively destroy the protections against unreasonable searches and seizures. See United States Constitution, Amendments IV, XIV; Tennessee Constitution, Article 1, § 7. It is fundamental that probable cause must be determined by a neutral and detached magistrate before the warrant can issue; otherwise "the act of the magistrate in issuing the warrant would not be based upon any judicial discretion, but upon the discretion of the affiant." *Owens v. State,* 217 Tenn. 544, 552, 399 S.W.2d 507, 510 (1965), quoting *Elliott v. State,* 148 Tenn. 414, 416, 256 S.W. 431 (1923); see *Spinelli v. United States, supra; Auguilar v. Texas, supra; Lea v. State,* 181 Tenn. 378, 181 S.W.2d 351 (1944); *Gallimore v. State,* 173 Tenn. 178, 116 S.W.2d 1001 (1938); see also T.C.A. §§ 40–502–40–505.

The State insists that innocent or merely negligent misrepresentations of fact will not justify either delving below the surface of a facially sufficient affidavit or suppress-

ing the evidence obtained; that the misrepresentation must be intentional or grossly reckless.

 We are in accord with *U. S. v. Luna, supra*, that there are two circumstances that authorize the impeachment of an affidavit sufficient on its face, (1) a false statement made with intent to deceive the Court, whether material or immaterial to the issue of probable cause, and (2) a false statement, essential to the establishment of probable cause, recklessly made. Recklessness may be established by showing that a statement was false when made and that affiant did not have reasonable grounds for believing it, at that time.

Lt. Ordway's admittedly false statement that the informant had supplied him with narcotic information in the past that was at all times correct, was essential to the establishment of probable cause, and we have no difficulty in finding that it was recklessly made. The extent of Lt. Ordway's acquaintance and dealings with the informer were obviously matters entirely within his own knowledge. In these circumstances it is unnecessary to find that the officer was guilty of actual fraud in the procurement of the search warrant. He admitted that the statements were false. His deliberate act of making a false affidavit to procure a search warrant, naturally bespeaks an intent to deceive the Court.

In this Court the State insists that defendant's motion to suppress should have been denied without a hearing for the reason that a facially sufficient affidavit cannot be attacked, absent a preliminary showing by affidavit that the search warrant was fraudulently obtained. In *Woods v. State, supra*, the Court of Criminal Appeals so held, in dictum, relying on *U. S. v. Luna, supra*.

The State did not make that contention in the trial court, the hearing was held and the uncontroverted proof is properly in the record before this Court revealing that, in truth, the entire substance of the probable cause elements of the affidavits are false, and the false statements were knowingly made. Faced with a similar factual situation, in *U. S. v. Upshaw*, the Court said

"Once it came to the attention of the court, from the testimony at the motion to suppress hearing, that evidence had been seized on the basis of statements of facts erroneously made by the affiant which struck at the heart of the affidavit's showing of probable cause, the court was required to grant the motion. The judicial system cannot be a party to the use of tainted evidence on the basis that, arguably, the defendant was not entitled to bring to the attention of the court what the court has come to know anyhow." 448 F.2d at 1222

We agree and accordingly affirm the judgment of the Court of Criminal Appeals.