STATE of Tennessee, Appellant,

v.

William Lafayette BROWN, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

March 19, 1981.

Rehearing Denied April 14, 1981.

W. Zane Daniel, Knoxville, for appellee.

William M. Leech, Jr., State Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., William H. Crabtree and William Brown, Asst. Dist. Attys. Gen., Knoxville, for appellant.

## OPINION

BYERS, Judge.

The State appeals from the trial court's order suppressing evidence obtained under a search warrant. The trial judge issued the suppression order after the State refused to produce the informant for an *in camera* inspection.

We vacate the suppression order and remand this action.

The issue before the trial court was whether the information contained in the

affidavit was sufficient to establish reliability. The defendant filed a pre-trial motion attacking the reliability of the affidavit. He does not challenge the existence of the informant nor does he allege the information to be fraudulent or falsely made.

When an attack is made upon the deficiency in the affidavit, on the basis of a failure to allege sufficient facts upon which the reliability of the informant is claimed, the trial court must decide the validity of the warrant upon its face, without resort to extrinsic evidence to supply the deficiencies. *Gallimore v. State*, 173 Tenn. 178, 116 S.W.2d 1001 (1938); *Owens v. State*, 217 Tenn. 544, 399 S.W.2d 507 (1965); *Anderson v. State*, 512 S.W.2d 665 (Tenn.Cr.App. 1974).

Unless the defendant alleges fraud in the procurement of the warrant or the absence of an informant as set out in the affidavit, the trial court is not entitled to a production of the informant. *State v. Little*, 560 S.W.2d 403 (Tenn.1978).

The judgment of the trial court is reversed and this case is remanded to the trial court for a consideration of the sufficiency of the search warrant on the basis of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

WALKER, P. J., and DWYER, J., concur.

## OPINION ON PETITION TO REHEAR

The defendant has filed a petition to rehear in which he says we incorrectly determined the trial judge held the search warrant to be defective because the informant did not appear before him so the reliability of the informant could be determined.

The ruling of the trial judge is reflected from the following portion of his ruling: "... and for that reason, if the informant refuses to appear or discuss the matter with the Court at his convenience—he can designate the place—I don't know what else I can do but to just sustain the motion to suppress at this time which the Court does."

The defendant insists the trial judge based his decision upon the deficiency in the warrant upon its face. We are unable to grasp this subtle approach, if the trial judge so did. The record obviously shows the trial judge sought to go behind the face of the warrant.

A defendant is not entitled to attack a search warrant beyond the face of the document on a mere motion to suppress. To attack the warrant beyond its face, the defendant must specifically set out the basis therefor. Mere conclusory allegations in the motion are insufficient. The motion must point out specifically the basis for the claim and the defendant must be prepared to offer evidence in support thereof. Otherwise, the trial court can only determine the validity or invalidity of the warrant upon its face. See generally *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1968).

It is clear from this record the trial judge suppressed the evidence because the informant did not appear before him. This goes beyond the face of the search warrant.

The petition to rehear is denied.