**STATE of Tennessee, Appellee,**

v.

**Dale Foster HOUSEAL and Daphney Marcella Houseal, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 8, 1983.

Rehearing Denied Nov. 10, 1983.

Permission to Appeal Denied by Supreme Court March 12, 1984.

William M. Leach, Jr., Atty. Gen. & Reporter, Nashville, Raymond S. Leathers, Asst. Atty. Gen., Nashville, Mary C. Mayham, Research Asst., Milan, for appellee.

Jay Fred Friedman, Memphis, for appellants.

OPINION

O'BRIEN, Judge.

This case originated in the Criminal Court for Shelby County. In Indictment No. B–78900 both defendants were charged with possession of marijuana with intent to sell and deliver. Under Indictments No. 82546–547–554, Dale Foster Houseal was charged with various possessory offenses. In Case No. 78900 each of them entered a guilty plea to an attempt to commit a felo-

ny. Dale Houseal was sentenced to serve not less than two (2) years nor more than five (5) years in the penitentiary. Daphne Houseal was sentenced to serve not less than one (1) year nor more than one (1) year in the County Jail, and fined One Thousand Dollars ($1,000). Her sentence of confinement was suspended and she was placed on probation for a period of five (5) years. In Cause No. 82546 Dale Houseal was also sentenced to serve not less than two (2) years nor more than five (5) years. In 82547 his sentence was not less than one (1) year nor more than one (1) year. All of these sentences were fixed to be served consecutively. In Case No. 82554 he was sentenced to serve a period of six months, concurrent with his other sentences. The trial judge entered an order certifying the cases to this Court on two questions of law pursuant to the provisions of Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. The issues stated in the court order are: (1) did the trial court rule correctly on the procedural aspects of the suppression motion? (2) was it error to deny the defendant's motion to suppress evidence?

Defendants do not specify the manner in which the trial court purportedly erred in its rulings on the procedural aspects of the motion to suppress. They seem to imply that the evidence supplied by them at the hearings on their motions to suppress establish, by a preponderance of the evidence, the absence of probable cause, and thus rendered the search warrants void. It is insisted they have proved that either there was no reliable informant who provided the information to the affiant on the search warrant, or that they established by their evidence that the actual informant was a man named Hollis Rick Maupin, who was legally blind, and could not have provided the information ascribed to him in the affidavit to the warrant. It is also said they were limited by the court in their cross-examination of the affiant to the search warrant in their effort to prove the falsity of his statements in the affidavit to the warrant. Defense counsel has filed an excellent brief in support of these argu-

ments, and has correctly cited the law and the cases which sustain the argument. However, after having carefully studied this record we have concluded the facts in this case do not comport with those in the cases cited on defendants' behalf.

■ A defendant must initially show by affidavit of persons having personal knowledge of the facts, or other evidence, that the search warrant was procured by the officers either through perjury or collusion before one can delve below the surface of a facially sufficient affidavit. The mere unsupported allegation of fraud is insufficient. In *United States v. Luna*, 525 F.2d 4 (6th Cir.1975), it was held that evidence should not be suppressed unless the trial court finds that the warrant is obtained by actual fraud or collusion. An innocent or mere negligent misrepresentation is not sufficient to invalidate a warrant or nullify a search.

There were two search warrants issued in these cases, on separate dates, addressed to different locations. Defendants' motion to suppress sets forth that affidavits upon which the search warrants were based were materially false, containing willful or reckless misrepresentations of the applicant to the issuing magistrate. The motion was supplemented by affidavits of nine (9) persons who say they were on the searched premises during the critical time when the affiant to the search warrant stated his informant saw drugs sold and stored at that location, and that they had not seen any such activity. There were also affidavits from the defendants deposing that they were aware of the identity of all persons who had given affidavits, and that they were all of the persons who were lawfully on the premises during the time in question, other than defendants themselves. Under the authority of Tennessee Rule of Criminal Procedure No. 41(f), defendants were entitled to present evidence in support of their motion to suppress the evidence obtained under the warrant. They were afforded this right. In *Franks v. Delaware*, 438 U.S.

154, 98 S.Ct. 2674, 57 L.Ed.2d 667, (1978), the United States Supreme Court said:

"... where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

 We agree with the trial court that defendants did not establish, by a preponderance of the evidence, that the affiant to the warrants made false statements with the intent to deceive the court, or made such statements essential to the establishment of probable cause, in reckless disregard for the truth. See *State v. Little*, 560 S.W.2d 403, (Tenn.1978). Defendants did not establish that Hollis Rick Maupin was the informer. The great bulk of the evidence introduced applied to the warrant and the search under Indictment No. 78900. There was very little, if any, evidence introduced in relation to the search warrant issued under the other indictments. It was never established that the informant was the same under both warrants. It was never established that the nine individuals who deposed they were in defendant's residence during the five days before the issue of the warrant in Case No. B–78900 were the only persons who were in that residence during that time except by the affidavits of defendants. There was more than one hundred pounds of marijuana seized in the search of defendants' residence. There were large plastic bags, and boxes, as well as drug dispensing parapher-

nalia scattered throughout the house. Although a search cannot be justified by the evidence it produces, *Byars v. United States*, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927), this evidence was certainly admissible to attack the credibility of those witnesses who said they had been in the house during the critical period of time in question and had not seen any marijuana stored there. Defendants were not unduly limited in the scope of their cross-examination of the police officer. It was not incumbent upon the court to require the State to come forward with information establishing the truthfulness of the allegations in the search warrant affidavit, or to reveal the informant's identity. It must be noted that the police officer affiant had been twice tested. If the magistrate before whom he appeared with the application for the search warrant had doubted his credibility he had the authority to require that the informant be identified. See *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The trial judge in this case held an *in camera* hearing in which he could have insisted on disclosure of the informant's identity to satisfy himself on the issue of the officer's credibility. He found it not necessary to do so. On the evidence in this case we are in accord with that resolution. The issue at the suppression hearing was not whether the informant had lied, but whether the affiant had reasonable cause to rely on the information received from him and, based on that information, set out probable cause in the affidavit to the warrant without falsification on his part. After an extensive and far ranging examination of the issue the trial judge in this case was satisfied in that regard. We have found nothing in the record to warrant overthrowing his judgment.

We affirm the judgment of the trial court.

DWYER and SCOTT, JJ., concur.