IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 6, 2004

**STATE OF TENNESSEE v. RANDY JAMES**

**Direct Appeal from the Circuit Court for Humphreys County**
**No. 10251     Allen W. Wallace, Judge**

_____

**No. M2003-01599-CCA-R3-CD - Filed June 10, 2004**

_____

The Defendant, Randy James, pled guilty to felony possession of marijuana. As part of his plea agreement, he expressly reserved with the consent of the trial court and the State the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The issue before us is whether the trial court erred by not suppressing the fruits of a search where there were alleged false statements in the affidavit supporting the search warrant. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Randy James.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Lisa Donegan; Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 29, 2002, a search warrant was issued in Humphreys County which authorized the search of the Defendant's residence. Although the record is somewhat unclear, it appears that police officers conducted a search of the Defendant's residence on the same day. As a result of the search, the Defendant was charged with possession of drug paraphernalia with intent to deliver, possession of marijuana with intent to deliver, and possession of hashish with intent to sell and/or deliver. On June 13, 2002, the Defendant filed a motion to suppress the evidence recovered in the search of his residence. In his motion, he asserted that the affidavit supporting the search warrant contained false information. The affidavit in question states, in pertinent part,

[Officer David Daniel] says that a confidential informant . . . has supplied information on today's date that said confidential informant personally overheard an individual make arrangements to purchase marijuana from the above-named individual, to-wit: Randy James. . . . Affiant would state that said confidential informant advised the time the subject was to purchase marijuana from Randy James, stating specifically that the individual was going to Mr. James' residence. Confidential informant further gave a detailed description of the vehicle being driven by the individual purchasing marijuana from Randy James, as well as identifying the individual by name, as well as advising that the individual's driver's license was suspended, as well as advising which route said individual would be traveling. Your Affiant, acting upon the information supplied by the confidential informant, went by 900 Old Highway 13, same being the residence of Randy James, and was able to verify that the automobile as described by the confidential informant was in fact at the James residence. Your Affiant then positioned himself along the route which confidential informant had advised the individual purchasing marijuana would use. Your Affiant had confirmed that the individual's driver's license was in fact revoked. Upon seeing the subject vehicle, same being the one seen at the James residence, your Affiant pulled over said individual, advising same that the individual was under arrest for driving on revoked license. Your Affiant further questioned the individual about the presence of any drugs in the vehicle. Said individual at that time advised your Affiant that there was in fact approximately 1/4 oz of marijuana on said individual's person. Said individual at that time advised your Affiant that the marijuana had just been purchased from Randy James at the residence hereinabove.

A hearing on the Defendant's motion was held on June 24, 2002. At this hearing, the confidential informant did not testify. Rather, the informant's wife, Kristie Culp, who was the "individual" in the affidavit that purchased marijuana from the Defendant, testified that she never told an officer that she had bought drugs from the Defendant. Therefore, she asserted that statements to that effect in the affidavit were false. The trial court ruled that, based upon the "believability of this witness," there was not sufficient evidence to attack the veracity of the affidavit.

The Defendant renewed his motion to suppress on August 16, 2002. Attached to his motion was an affidavit, sworn to by Ms. Culp, which stated that she did not advise a police officer that she had purchased marijuana from the Defendant. A second suppression hearing was held on December 23, 2002. Ms. Culp did not testify at this hearing. However, David Culp, her husband, did testify. The record is unclear, but Mr. Culp was apparently the confidential informant who provided the information contained in the affidavit to Officer David Daniel. Mr. Culp testified that he did not tell Officer Daniel that Ms. Culp was going to purchase marijuana from the Defendant. He testified that the police officer he spoke with was Officer Rob Edwards. He stated that he told Officer Edwards that Ms. Culp "might be purchasing some [marijuana]," but that he did not mention the Defendant as the seller. The trial court found Mr. Culp to be an incredible witness, and denied the Defendant's motion to suppress. On the same day, the Defendant pled guilty to felony possession of marijuana.

However, he expressly reserved the right to appeal a certified question of law, which is stated on the final judgment as: "Whether the search warrant affidavit contained false statements, recklessly made, that were necessary for the finding of probable cause."

Tennessee Rule of Criminal Procedure 37(b)(2) provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if:

> (i)  The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
> > (A)  The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
> > (B)  The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
> > (C)  The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
> > (D)  The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

See also State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).  The prerequisites for the consideration of the merits of a certified question of law having been met, we begin our analysis of whether the trial court erred by denying the Defendant's motion to suppress.

An affidavit in support of a search warrant that is facially valid may be impeached if it contains a false statement, essential to a finding of probable cause, that was recklessly made.  See State v. Little, 560 S.W.2d 403, 407 (Tenn. 1978).  The defendant bears the burden of establishing by a preponderance of the evidence that the false statement was recklessly made.  See Franks v. Delaware, 438 U.S. 154, 156, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

"On appeal, the trial court's findings of fact at the conclusion of a suppression hearing will be upheld unless the evidence preponderates otherwise.  The defendant bears the burden of demonstrating that the evidence preponderates against the trial court's findings."  State v. Harts, 7 S.W.3d 78, 84 (Tenn. Crim. App. 1999) (citations omitted).

> Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.  The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence.  So long

as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld.

State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996).

At the conclusion of the two suppression hearings, the trial court determined that both witnesses who testified that the affidavit contained false statements were incredible. Specifically, the trial judge stated, "I watched Ms. [Culp] testify . . . and I didn't believe it. That's the bottom line. . . . I sure didn't believe her and this man we have this morning I don't know if I'd believe him if he told me it was daylight outside, I think I'd look." Obviously the trial judge made a credibility determination of both the Defendant's witnesses and, in doing so, found that the Defendant had not met his burden of showing that the affidavit contained a false statement which was recklessly made. After reviewing the record, we conclude that the evidence does not preponderate against the trial court's findings.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-