IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 1, 2005 Session

**STATE OF TENNESSEE v. ALLEN JEAN STEPHENS**

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR 125-2003     William B. Acree, Jr., Judge**

---

**No. M2004-00531-CCA-R3-CD  - Filed June 23, 2005**

---

Following a jury trial, Defendant, Allen Jean Stephens, was convicted of one count of possession of more than .5 grams of cocaine with intent to sell, a Class B felony, and one count of possession of drug paraphernalia, a Class A misdemeanor.  The trial court sentenced Defendant as a Range III, persistent offender, to twenty-three years for the felony drug conviction, and eleven months, twenty nine days for his misdemeanor conviction.  The trial court ordered Defendant's sentences to run concurrently, for an effective sentence of twenty-three years.  Defendant does not appeal the length of his sentences or the sufficiency of the convicting evidence.  Defendant argues however, that the trial court erred in denying Defendant's motion to suppress the crack cocaine found at his house during the execution of a search warrant; and that the trial court erred in ruling admissible certain evidence about a prior sale of crack cocaine, an offense for which Defendant was not charged.  Following a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J.C. MCLIN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Allen Jean Stephens.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I.  Background**

Lieutenant Sammy Liles with the Martin Police Department met with DeAndre Butler, a confidential informant, around noon on July 11, 2003.  Lieutenant Liles searched Mr. Butler and his vehicle, furnished him a wireless transmitter, and gave him $200.00 marked money with which to

purchase cocaine from Defendant. Lieutenant Liles followed Mr. Butler as he drove to Defendant's house. Mr. Butler exited his vehicle and knocked on Defendant's front door. Mr. Butler completed the purchase transaction, and he and Lieutenant Liles drove back to their meeting place. Lieutenant Liles searched Mr. Butler and his vehicle, and Mr. Butler gave Lieutenant Liles the cocaine he had purchased from Defendant.

Lieutenant Liles secured a search warrant for Defendant's person and his residence based on the drug sale to Mr. Butler. He and other police officers arrived at Defendant's house around 5:20 p.m. on July 11, 2003. Defendant was standing in the front yard when the officers arrived. A search of Defendant's person revealed approximately $750.00 in Defendant's back pocket. Lieutenant Liles confirmed that a portion of the cash ($150.00) was a part of the marked bills that had been given to Mr. Butler to purchase drugs from Defendant. Inside Defendant's house, Lieutenant Liles found 1.5 grams of cocaine, approximately $1,300.00 in the pocket of one of Defendant's shirts, and three small baggies similar to those used to package drugs for sale.

On cross-examination, Lieutenant Liles said that Mr. Butler was sent to purchase an "8-ball" of cocaine from Defendant, an amount which generally weighs in excess of three grams, or approximately one-eighth of one ounce.

Patty Choatie, a forensic scientist with the Tennessee Bureau of Investigation's crime laboratory, testified that the substance which Mr. Butler purchased from Defendant was crack cocaine and weighed 1.6 grams. Ms. Choatie confirmed that the substance found in Defendant's house was also crack cocaine and weighed 1.5 grams.

## II. Motion to Suppress

Defendant argues that the search warrant which led to the discovery of drugs in his house was invalid because the affidavit supporting issuance of the warrant contained false and misleading statements. In *State v. Little*, 560 S.W.2d 403 (Tenn. 1978), our Supreme Court held that:

> there are two circumstances that authorize the impeachment of an affidavit sufficient on its face, (1) a false statement made with intent to deceive the Court, whether material or immaterial to the issue of probable cause, and (2) a false statement, essential to the establishment of probable cause, recklessly made. Recklessness may be established by showing that a statement was false when made and that affiant did not have reasonable grounds for believing it at the time.

*Id*. at 407.

In his affidavit, Lieutenant Liles stated:

> The informant has provided information to affiant which has been corroborated and led to the arrest and conviction of individuals involved in criminal activity. The

confidential informant [is] known to affiant to have made a purchase of Schedule II crack cocaine from [Defendant's residence] from [Defendant] within the past 72 hours. The affiant searched the informant before and after the transaction. The transaction was monitored via wireless transmitter.

As the basis of his knowledge, Lieutenant Liles stated that "said informant has been in the said residence (537 North McCombs) and witnessed the possession of and distribution of Schedule Two controlled substance (crack cocaine) within the past 72 hours."

At the hearing on his motion to suppress, Defendant argued that Mr. Butler did not go inside Defendant's house when he bought the drugs. Lieutenant Liles testified at the hearing that Mr. Butler "stepped into the doorway" of Defendant's house to make the purchase. Lieutenant Liles said that he believed that when Mr. Butler "went into the doorway, he was inside the residence." He conceded, however, that he did not see Mr. Butler go any further inside the house.

At the conclusion of the hearing, the trial court found that the phrase "in the said residence" was not misleading because the affidavit did not state that the informant saw any drugs inside of Defendant's house other than what the informant bought. The trial court denied Defendant's motion to suppress stating:

> The Court is satisfied that the search warrant is in accordance with the law. There is sufficient basis of knowledge, and also sufficient description of the veracity of the informant to satisfy the requirements of the law. Furthermore, the Court is of the opinion that it does not make any difference whether or not the buy described in the warrant was made at the door of the house or inside of the door. I don't see that it makes any difference. I think that the fact it was made at [Defendant's] house is sufficient, and I think it could be interpreted if one is at the front, he is in the house.

The trial court's denial of Defendant's motion to suppress will be upheld unless the evidence preponderates against the trial court's findings. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The application of the law to the facts found by the trial court, however, is a question of law which this court reviews *de novo*. *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999).

Under both the federal and Tennessee constitutions, "no warrant is to be issued except upon probable cause." *State v. Norris*, 47 S.W.3d 457, 469 (Tenn. Crim. App. 2000) (citations omitted). "A showing of probable cause requires, generally, reasonable grounds for suspicion, supported by circumstances indicative of an illegal act." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999). "[A] finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit." *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998). To establish probable cause, "an affidavit must set forth facts from which a reasonable conclusion may be drawn that the contraband will be found in the place to be searched pursuant to the warrant." *Norris*, 47 S.W.3d at 470. A search warrant will be rendered invalid, and the subsequent search illegal, if the search warrant "was issued upon evidence consisting in material part of willful or

reckless misrepresentations of the applicant to the issuing magistrate, resulting in a fraudulent procurement." Tenn. R. Crim. P. 41(f)(3).

With these principles in mind, we find that the evidence does not preponderate against the trial court's finding that Lieutenant Liles' affidavit contained sufficient probable cause to support the issuance of a search warrant. When the source of information for an affidavit establishing probable cause for a search warrant is a criminal informant, we must use the two-pronged *Aguilar-Spinelli* test adopted by the Tennessee Supreme Court in *State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn. 1989). Under this test, the affidavit must demonstrate (1) a basis for the informant's knowledge, and (2) a basis establishing the informant's credibility or a basis establishing that the informant's information is reliable. *State v. Yeomans*, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999) (citations omitted).

The affidavit indicates that the confidential informant was reliable because he had provided information in the past which was corroborated and led to the arrest of individuals involved in criminal activity. Secondly, the informant had purchased drugs from Defendant within the past 72 hours. The use of the confidential informant for the purposes of substantiating the search warrant was proper.

The phrase "in the said residence" may not have been the best choice of words to reflect where the informant was standing when he observed Defendant's possession of the drugs, and Defendant's distribution of the drugs to him. There is no evidence, however, that Lieutenant Liles made the statement fraudulently or in reckless disregard for the truth. If the challenged statement is *not* a "false statement made with intent to deceive the Court," in order to grant Defendant relief, the false statement, recklessly made, must be "essential to the establishment of probable cause." *Little*, 560 S.W.2d at 407. In order to be "essential to the establishment of probable cause," the false statement must be the only basis for probable cause. *State v. Tidmore*, 604 S.W.2d 879, 882 (Tenn. Crim. App. 1980). Therefore, even if this statement was recklessly made, the informant's claim that he bought drugs from Defendant at Defendant's house within the appropriate time frame independently establishes probable cause. Defendant is not entitled to relief on this issue.

## III. Prejudicial Effect of Evidence of Prior Sale of Cocaine

Defendant argues that the trial court erred in admitting evidence of Mr. Butler's purchase of cocaine from Defendant. Defendant contends that because he was not indicted for this offense, reference to the sale should have been excluded as "propensity" evidence under Rule 404(b) of the Tennessee Rules of Evidence. The State argues that the evidence was relevant to prove Defendant's intent to possess drugs for resale, which was an essential element of the offense with which Defendant was charged. Alternatively, Defendant argues that the probative value of the evidence is outweighed by its unfair prejudice.

Tennessee Rule of Evidence 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person or to show action in conformity with the character trait. It may, however be admissible for other purposes.. The conditions which must be satisfied before allowing such evidence are:

> (1) The court upon request must hold a hearing outside the jury's presence;
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence;
> (3) The court must find proof of the crime, wrong or act to be clear and convincing; and
> (4) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Because the trial court substantially complied with the requirements of Rule 404(b), this Court will review the trial court's determinations for an abuse of discretion.

After a lengthy hearing outside the presence of the jury, the trial court found that the proof of the prior sale of cocaine was clear and convincing, and the evidence of Defendant's sale of cocaine to Mr. Butler was probative of Defendant's intent to possess drugs for resale, a material issue other than showing conduct conforming to a certain character trait.

Although Rule 404(b) does not explicitly list the exceptions under which evidence of prior crimes, wrongs or acts may be admitted, our courts have held that such evidence may be admissible to show motive, intent, guilty knowledge, identity of the defendant, absence of mistake, or the existence of a common scheme. *See, e.g., Collard v. State*, 526 S.W.2d 112, 114 (Tenn. 1975); *see also* Neil P. Cohen, et al., *Tennessee Law of Evidence* § 4.04 [8] (4th ed. 2000). Specifically, this Court has previously "view[ed] the pattern of prior drug sales as being probative of the defendant's knowledge and intent to possess cocaine for resale . . . ." *State v. Johnny Wayne Tillery*, No. 01C01-9506-CC-00182, 1998 WL 148326, at *6 (Tenn. Crim. App., Nashville, Mar. 30, 1998), *perm. to app. denied* (Tenn. 1998); *see also State v. Little,* 854 S.W.2d 643, 649 (Tenn. Crim. App. 1992).

The trial court further stated on the record that the probative value of the evidence to Defendant's intent outweighed the danger of unfair prejudice. Defendant contends otherwise and argues that the evidence was unfairly prejudicial because he was not charged with selling cocaine to Mr. Butler. "Factors in weighing the probative value include the prosecution's need for the evidence, the likelihood the defendant committed the other crimes, and the degree of its relevancy." *State v. Edwards*, 868 S.W.2d 682, 691 (Tenn. Crim. App. 1993).

During the Rule 404(b) hearing, the State said that Defendant was not charged with selling cocaine to Mr. Butler because the prosecutor did not want to disclose Mr. Butler's role as a confidential informant. The State argued that Officer Liles' and Mr. Butler's testimony concerning the prior sale was the only evidence the State could present as to Defendant's intent.

During closing argument at the trial, Defendant's counsel argued that although Defendant may have sold cocaine to Mr. Butler, the remaining cocaine found in his house was for Defendant's own personal consumption.

In *Little*, the defendant argued that his accomplice's testimony concerning other drug transactions in which the defendant participated was inadmissible because he was not charged for those crimes. *Little*, 854 S.W.2d at 649. This Court found that the trial court did not abuse its discretion in admitting the evidence under Rule 404(b) "as it related to [the defendant's] intent to commit the crimes for which he was under indictment," notwithstanding the fact the State did not bring any charges against the defendant for those acts. *Id.*

Based on our review of the record, we agree with the trial court's finding that the probative value of the evidence outweighed a danger of unfair prejudice to Defendant. The trial court properly instructed the jury that it could only consider the evidence of Defendant's prior criminal conduct "for the limited purpose of determining whether it provides the [D]efendant's intent," and not as evidence "to prove his disposition to commit a crime." Jurors are presumed to follow the instructions of the trial court. *State v. Robinson*, 146 S.W.3d 469, 494 (Tenn. 2004) (citations omitted); *see also Little*, 854 S.W.2d at 649.

We find that the evidence was admitted in conformity with Rule 404(b). Defendant is not entitled to relief on this issue.

## CONCLUSION

Following a review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE