FILED
08/29/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2019 Session

**STATE OF TENNESSEE v. ANTHONY T. TOLLIS**

**Appeal from the Criminal Court for Hamilton County**
**No. 294649          Barry A. Steelman, Judge**

**No. E2018-01695-CCA-R3-CD**

The Defendant, Anthony T. Tollis, entered a plea of nolo contendre to sexual exploitation of a minor. The Defendant reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) as to whether the search of the Defendant's computer was lawful based on the search warrant. After a thorough review of the record and relevant authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Mike A. Little, Deputy Public Defender; Ted Engel and Victoria L. Smith, Assistant Public Defenders, Chattanooga, Tennessee, for the appellant, Anthony T. Tollis.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Neal Pinkston, District Attorney General; and Leslie A. Longshore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.   Facts**

This case arises from the discovery of sexual images of minors stored on the Defendant's home computer. Based on information received from a family member staying at the Defendant's home for a few days, law enforcement sought and obtained a search warrant for the Defendant's computer. Investigators subsequently searched the Defendant's computer and found images of underage nude girls. For this conduct, a Hamilton County grand jury indicted the Defendant for one count of sexual exploitation of a minor and two counts of aggravated sexual exploitation of a minor.

1

## A. Motion to Suppress

The Defendant filed a motion to suppress the evidence obtained during the search of his computer, contending that the search warrant authorizing the search was not based on sufficient probable cause. The affidavit in support of the search warrant and the warrant itself were attached to the motion. The facts contained in the affidavit in support of the search warrant were as follows:

> On December 5, 2014, Mr. James Tollise went to visit his uncle, [the Defendant], at his residence located [in Hamilton County].

> The [Defendant's] residence . . . is more particularly described as a brick duplex with a brown roof. [The Defendant] resides on the left side of the duplex when viewing the duplex from [the street], which is the side located closest to the driveway.

> Mr. James Tollise stated that his uncle, [the Defendant], made statements to him about wanting to fulfil[l] [the Defendant's] sexual fantasy about being with a teenage girl. Mr. James Tollise stated that this statement made him suspicious about incidents and statements that have happened in the past.

> On December 6, 2014, Mr. James Tollise got on [the Defendant's] computer around [7:00 a.m.].

> Mr. James Tollise stated that [the Defendant's] computer was located on a glass desk directly in front of the front door of [the residence]. [Mr. James Tollise] further described the computer as a "custom built" computer with the sides off for ventilation.

> Mr. James Tollise stated that he clicked on the "My Photos" icon and saw at least fifteen (15) individual folders.

> These folders had first name and first/last names of individuals.

> Mr. James Tollise stated that he clicked on a folder named "[V.R.]"[1]

> Mr. James Tollise stated that he saw numerous pictures of a female he believed to be over the age of fourteen (14) and younger than eighteen (18).

---

[1]It is the policy of this court to utilize a minor victim's initials to protect his or her identity.

Mr. James Tollise stated that there were pictures of the female clothed, full nudity, and topless. He described these photographs as "selfies," meaning that the pictures appeared to be taken by the female and not someone else.

Mr. James Tollise stated that he saw another folder named "[S.C.]" He stated that he does not remember if he looked at this folder.

Mr. James Tollise stated that in the folders, there were also messages that appeared to have been sent to these individuals. He stated that one of the messages contained wording that read "Do you have any pictures of yourself when you were younger."

The trial court held a hearing on the Defendant's motion, during which no evidence was presented. Both parties made arguments to the trial court, and the trial court denied the Defendant's motion to suppress, concluding that the search warrant was based on probable cause in the affidavit. The Defendant sought an interlocutory appeal, pursuant to Tennessee Rule of Appellate Procedure 9, arguing that the search warrant lacked probable cause, which the trial court denied, following which the Defendant filed an application for extraordinary appeal, pursuant to Tennessee Rule of Appellate Procedure 10, which this court denied. The trial court issued an agreed order reserving the following certified question of law:

> Whether the trial court erred in denying [the Defendant's] motion to suppress evidence collected by the City of Red Bank Police Department's execution of the search warrant finding the affidavit in support of the request for search warrant and seizure warrant established probable cause. The reasons relied on by the Defendant in the trial court suppression hearing were that:
>
> a. The affiant, Detective Michael Ray, did not indicate in the affidavit that the Defendant possessed material that included a minor engaged in sexual activity.
> b. Relying only on the informant's information provided in the affidavit for the search warrant, there is not a substantial basis for concluding from the totality of the circumstances that Detective Ray would uncover evidence of wrongdoing.
> c. An informant's opinion that the Defendant possessed nude photos of what he believed to be underage females is not enough to establish probable cause that the Defendant possessed, intended to distribute, or promoted [sexual]

3

exploitation of a child under T.C.A. § 39-17-1003 through § 39-17-1005.

   d. Therefore the affidavit failed to sufficiently establish probable cause for the issuance of the search warrant.

Thereafter, the Defendant entered a plea of nolo contendre to sexual exploitation of a child. The remaining charges were dismissed. The trial court entered the judgment incorporating the above certified question of law and sentenced the Defendant to two years of supervised probation.

## II. Analysis
### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (alterations in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never dispositive when this Court may exercise the option to reverse and remand. *Wilkes*, 684 S.W.2d at 667. This Court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). This Court must make an independent determination that the certified question is dispositive. *Id.* at 135 (citing *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988)). Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment or conviction occurring as the result of a guilty plea. *State v. Long* 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). The following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

(i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;

(ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and

4

(iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *Preston*, our supreme court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d at 650. Failure to properly reserve a certified question of law pursuant to the requirements stated in *Preston* will result in the dismissal of the appeal. *Woodlee*, 2010 WL 27883, at *2 (citing *State v. Pendergrass*, 937 S.W.2d 848, 838 (Tenn. 1996)). The importance of complying with the *Preston* requirements has been reiterated by our supreme court in *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003), which stated that the *Preston* requirements are "explicit and unambiguous," in rejecting the defendant's argument in favor of substantial compliance with Tennessee Rules of Criminal Procedure 37. *Id.* at 912.

In the case under submission, the Defendant's issue on appeal meets these requirements: he entered a plea of guilt; the judgment form incorporates the certified question; and the certified question is stated so as to identify clearly the scope and limits of the legal issue reserved and is dispositive of the case. Thus, we conclude that the issue is properly before this court.

## B. Validity of the Search Warrant

The Defendant contends that the search warrant was obtained based on an affidavit that did not establish probable cause. He contends that sexual activity was not described in the affidavit; thus no probable cause existed of a violation of Tennessee Code Annotated sections 39-17-1003–1005 (2014). He argues that the informant's, his nephew, statements that he had found images of nude underage girls on the Defendant's computer were a matter of opinion and that probable cause could not have been establish based on these statements. This, the Defendant claims, makes the search warrant invalid and the evidence seized in the search illegal. The State replies that there were more than enough facts contained in the affidavit to overcome the minimal threshold requirements for probable cause. For these reasons, the State claims that the trial court properly denied the Defendant's motion to suppress. We agree with the State.

Our standard of review for a trial court's findings of fact and conclusions of law on a motion to suppress evidence is set forth in *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). Under this standard, "a trial court's findings of fact in a suppression hearing will

be upheld unless the evidence preponderates otherwise." *Id.* at 23. This Court reviews de novo the trial court's application of the law to the facts, without according any presumption of correctness to those conclusions. *See State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001); *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. *Odom*, 928 S.W.2d at 23.

We begin our analysis with the Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, which provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, will not be violated, and no warrants will issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV; *see Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Similarly, article I, section 7 of the Tennessee Constitution provides:

> [P]eople shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty and not to be granted.

Tenn. Const. art. I, § 7.

"[A] search warrant shall be issued only on the basis of an affidavit, sworn before a 'neutral and detached' magistrate, which establishes probable cause of its issuance." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999). To establish probable cause to issue a search warrant, an affidavit must supply reasonable grounds for suspicion that an illegal act is occurring. *Id.* Thus, the need for the magistrate to make a neutral and detached decision regarding the existence of probable cause requires that the affidavit contain more than mere conclusory allegations by the affiant. *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).

An affidavit must show a nexus between the criminal activity, the place to be

searched, and the items to be seized in order to give a magistrate probable cause to issue a warrant. *State v. Reid*, 91 S.W.3d 247, 273 (Tenn. 2002); *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). When the affidavit contains no direct evidence of such a nexus, "we must . . . determine whether it was reasonable for the magistrate to infer that the item of contraband listed in the affidavit would be located" in the place to be searched. *State v. Saine*, 297 S.W.3d 199, 206 (Tenn. 2009).

> [T]here are two circumstances that authorize the impeachment of an affidavit sufficient on its face[:] (1) a false statement made with intent to deceive the Court, whether material or immaterial to the issue of probable cause[;] and (2) a false statement, essential to the establishment of probable cause, recklessly made." *State v. Little*, 560 S.W.2d 403, 407 (Tenn. 1978). "Allegations of negligence or innocent mistakes are insufficient to invalidate the search warrant." *State v. Yeomans*, 10 S.W.3d 293, 297 (Tenn. Crim. App. 1999) (citing *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). The defendant bears the burden of proving the allegation of falsity by a preponderance of the evidence. *Id.* (citing *Franks*, 438 U.S. at 156, 98 S.Ct. 2674).

*State v. Tuttle*, 515 S.W.3d 282, 308 (Tenn. 2017).

The evidence does not preponderate against the trial court's findings that the search warrant was valid with sufficient probable cause. The affidavit states that the informant observed photographs on the Defendant's computer which he believed to be of nude underage females. He provided the names of the females listed in the computer. He described messages that appeared to be sent from the Defendant to the females, asking to see more photos of them when they were younger. This is sufficient information to give investigators probable cause to believe that evidence of a crime, at a minimum the possession of child pornography, was contained on the Defendant's computer. The fact of whether "sexual activity," an element of sexual exploitation of a child which the Defendant ultimately pleaded guilty to, was occurring or had occurred was not essential to establishing probable cause for issuance of the search warrant.[2] The specific information provided to investigators by the Defendant's nephew about what he

---

[2] Tennessee Code Annotated sections 39-17-1001 to -1008 criminalizes, among other things, the possession, distribution, and production of child pornography. Tenn. Code Ann. §§ 39-17-1003 to -1005; *see also State v. Sprunger*, 458 S.W.3d 482, 485 n.4 (Tenn. 2015). Whether a nude photograph of an underage individual amounts to a "lascivious" or sexually provocative depiction of the individual, sufficient to establish the occurrence of "sexual activity" as defined in section 39-17-1002, is a question of fact that is addressed on a case-by-case basis. *See State v. Whited*, 506 S.W.3d 416, 430 (Tenn. 2016) (stating that "determining whether certain material depicts a minor engaging in the lascivious exhibition of their private body areas within the meaning of the sexual exploitation statutes is . . . "'an intensely fact-bound question.'")

had seen on the Defendant's computer provided probable cause for the issuance of the search warrant and, therefore, the evidence was seized pursuant to the lawful execution of the search warrant. Accordingly, the trial court did not err when it denied the Defendant's motion to suppress. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE